IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| INTELLECT WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| SHARP CORPORATION, SHARP | ) | |
| ELECTRONICS CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| HEWLETT-PACKARD COMPANY, | ) | |
| PALM, INC., DELL INC. and | ) | |
| GARMIN INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Intellect Wireless, Inc. ("Intellect Wireless") complains of defendants Sharp Corporation, Sharp Electronics Corporation, Hewlett-Packard Company, Palm, Inc., Dell, Inc., and Garmin International, Inc. as follows:

## NATURE OF THE SUIT

1.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2.     Intellect Wireless is a Texas corporation with offices in Fort Worth, Texas and Reston, Virginia.

3.     Daniel Henderson is the founder of Intellect Wireless and the sole inventor of the patents-in-suit.  Mr. Henderson has been awarded 25 United States patents, with several more pending, that relate to picture / video messaging in wireless devices such as PDAs, portable computers, and cellular phones.  Mr. Henderson's prototype for a wireless picturephone device was

received as part of the permanent collection of the Smithsonian Institution in the National Museum of American History. Last year, the magazine *PC Today* described Mr. Henderson's role in the history of the camera phone:

> The idea of camera phones is as old as cameras and phones, but it wasn't until 1993, when Daniel A. Henderson put together a couple of prototypes, that the two started to converge in a meaningful way. Dubbed the "Intellect," Henderson's design was for a phone that could display pictures received wirelessly instead of taking pictures and sending them wirelessly.

"Say 'Cheese' To Your Cell – A History of the Camera Phone", *PC Today*, Vol. 7 Issue 6 at 28 (June 2009). Former United States Senator Gordon H. Smith (OR) also declared that Mr. Henderson has "truly blazed new trails in the fields of wireless technology and digital convergence" and called him a "true visionary."

4.     Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,266,186, which issued on September 4, 2007 and is entitled "Method and Apparatus for Improved Paging Receiver and System" ("the '186 Patent").

5.     Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,310,416, which issued on December 18, 2007 and is entitled "Method and Apparatus for Improved Personal Communication Devices and Systems" ("the '416 Patent").

6.     Sharp Corporation is a foreign corporation organized and existing under the laws of Japan, with its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan. Sharp Electronics Corporation is the United States sales and marketing subsidiary of Sharp Corporation. Sharp Electronics Corporation is organized and existing under the laws of the State of

New York, with its headquarters at 1 Sharp Plaza, Mahwah, New Jersey 07495. Sharp Corporation and Sharp Electronics Corporation are herein collectively referred to as "Sharp." Sharp does substantial business in this judicial district and provides the wireless portable communication devices accused of infringement in this judicial district including, but not limited to, the Sharp FX. Sharp's wireless portable communication devices are sold and offered for sale throughout this judicial district at retail outlets such as those operated by AT&T.

7. Hewlett-Packard Company ("HP") is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California, 94304. HP does substantial business in this judicial district and provides the wireless portable communication devices accused of infringement in this judicial district including, but not limited to, the HP iPAQ Glisten. HP's wireless portable communication devices are sold and offered for sale throughout this judicial district at retail outlets such as those operated by AT&T.

8. Palm, Inc. ("Palm") is a Delaware corporation with its principal place of business at 950 West Maude Avenue, Sunnyvale, California 94085. In July 2010, HP completed its acquisition of Palm, and Palm became a subsidiary of HP. Palm does substantial business in this judicial district and provides the wireless portable communication devices accused of infringement in this judicial district including, but not limited to, the Palm Pixi, the Palm Pre, the Palm Pre Plus, and the Palm Pixi Plus. Palm's wireless portable communication devices are sold and offered for sale throughout this judicial district at retail outlets such as those operated by AT&T, Sprint, and Verizon Wireless.

9.      Dell, Inc. ("Dell") is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, Texas 78682.  Dell does substantial business in this judicial district and provides the wireless portable communication devices accused of infringement in this judicial district including, but not limited to, the Dell Aero.  Dell's wireless portable communication devices are sold and offered for sale throughout this judicial district through Dell's operation of the "Dell Mobility Store" website.

10.      Garmin International, Inc. ("Garmin") is a Kansas corporation with its principal place of business at 1200 East 151st Street, Olathe, Kansas 66062. In 2009, Garmin formed a strategic alliance named Garmin-ASUS to design, manufacture and distribute mobile phones.  Garmin does substantial business in this judicial district and, acting under the Garmin-ASUS name, provides the wireless portable communication devices accused of infringement in this judicial district including, but not limited to, the Garmin-ASUS Garminfone.  Garmin's wireless portable communication devices are sold and offered for sale throughout this judicial district at retail outlets such as those operated by T-Mobile.

## JURISDICTION AND VENUE

11.      This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

12.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).  Sharp, HP, Palm, and Garmin transact business in this district and have committed acts of infringement in this judicial district, at least by offering to sell or selling infringing wireless portable communication devices through cellular

service provider retail stores such as those operated by AT&T, T-Mobile, Sprint, and Verizon Wireless, other retailers such as Wal-Mart and Best Buy, and websites operated by those cellular service providers and retailers that are designed to reach Illinois customers and are used by customers in this judicial district. Dell transacts business in this district and has committed acts of infringement in this judicial district, at least by offering to sell or selling infringing wireless portable communication devices through its "Dell Mobility Store" website that is designed to reach Illinois customers and is used by customers in this judicial district.

## PATENT INFRINGEMENT

13. On June 29, 2010, Chief Judge Holderman construed several of the claims of the '186 patent and the '416 patent in *Intellect Wireless, Inc. v. Kyocera Communications, Inc.*, No. 08 C 1350 (N.D. Ill.).

14. Sharp has directly infringed at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing into the United States wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, including but not limited to the Sharp FX.

15. Sharp has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271(b)-(c) through, among other activities, providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures,

video messages and/or Multimedia Messaging Service, including but not limited to the Sharp FX, and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

16.     HP has directly infringed at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing into the United States wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, including but not limited to the HP iPAQ Glisten.

17.     HP has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271(b)-(c) through, among other activities, providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, including but not limited to the HP iPAQ Glisten, and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

18.     Palm has directly infringed at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing into the United States wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, including but not limited

19.     Palm has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271(b)-(c) through, among other activities, providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, including but not limited to the Palm Pixi, the Palm Pre, the Palm Pre Plus, and the Palm Pixi Plus, and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

20.     Dell has directly infringed at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing into the United States wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, including but not limited to the Dell Aero.

21.     Dell has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271(b)-(c) through, among other activities, providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, including but not limited to the Dell Aero, and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service

and/or Multimedia Messaging Service.

22. Garmin has directly infringed at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing into the United States (under the Garmin-ASUS name) wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, including but not limited to the Garmin-ASUS Garminfone.

23. Garmin has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271(b)-(c) through, among other activities, providing (under the Garmin-ASUS name) wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, including but not limited to the Garmin-ASUS Garminfone, and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

24. The defendants' infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless, and Intellect Wireless is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Intellect Wireless, Inc., respectfully requests this Court enter judgment against the defendants and against their subsidiaries,

successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A.     The entry of judgment in favor of Intellect Wireless;

B.     An award of damages adequate to compensate Intellect Wireless for the infringement that has occurred (together with prejudgment interest from the date the infringement began), but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C.     A finding that this case is exceptional and an award to Intellect Wireless of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.     Such other relief that Intellect Wireless is entitled to under law and any other relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Intellect Wireless demands a trial by jury on all issues presented in this complaint.


INTELLECT WIRELESS, INC.

*/s/ Joseph A. Culig*
Raymond P. Niro
Paul K. Vickrey
Paul C. Gibbons
David J. Mahalek
Joseph A. Culig
NIRO, HALLER & NIRO
181 West Madison St., Suite 4600
Chicago, Illinois  60602-4515
(312) 236-0733
Fax: (312) 236-3137