**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INTELLECT WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | The Honorable Rebecca R. Pallmeyer |
| v. | ) | |
| | ) | |
| SHARP CORPORATION, SHARP | ) | Civil Action No.: 10 C 6763 |
| ELECTRONICS CORPORATION, | ) | |
| HEWLETT-PACKARD COMPANY, | ) | |
| PALM, INC., DELL INC., AND | ) | |
| GARMIN INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF SEPTEMBER 12, 2012
ORDER DISMISSING CASE WITHOUT PREJUDICE**

Hewlett-Packard Company and Palm, Inc., Sharp Corporation, Sharp Electronics Corporation, and Dell Inc. (collectively, "Defendants") respectfully request that the Court reconsider its September 12, 2012 Order, which: (1) dismissed the case without prejudice; and (2) denied Defendants fees and costs. A motion for reconsideration should be granted to correct clear legal error or to avoid a manifest injustice. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Galvan v. Norberg*, No. 04 C 4003, 2011 U.S. Dist. LEXIS 53208, at ** 14-15 (N.D. Ill. May 18, 2011). Defendants respectfully submit that the Court committed clear legal error when it failed to dismiss the case ***with prejudice***. In addition, the Court committed clear legal error by denying Defendants the opportunity to establish that this is an exceptional case pursuant to 35 U.S.C. Section 285 and therefore warrants an award of attorney fees and costs. Indeed, a finding of inequitable conduct before the Patent Office is one of the strongest basis to support a finding of an exceptional case under Section 285.

I.      **This Case Must Be Dismissed With Prejudice**

Defendants respectfully submit that the Court committed clear legal error by not dismissing this case *with prejudice*. On September 6, 2012, in a related case filed by Intellect Wireless against HTC, Judge Hart declared U.S. Patent Nos. 7,266,186 and 7,310,416 (*i.e.*, the patents-in-suit in both cases) unenforceable due to inequitable conduct and dismissed the related case with prejudice. *See* Docket No. 144. The same facts and rationale (*i.e.*, the inventor's intentional misconduct before the Patent Office) that support Judge Hart's ruling apply here — the patents were wrongly obtained and, therefore, are not enforceable. During the September 12, 2012 Status Conference in this case, Defendants explained that this case should be dismissed with prejudice under the doctrine of res judicata in view of Judge Hart's Order finding the patents-in-suit unenforceable.

The Federal Circuit has explained that an "unrelated accused infringer may [] take advantage of an unenforceability decision under the collateral estoppel doctrine." *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999). In determining collateral estoppel, the Federal Circuit applies the law of the circuit in which the district court sits. *Id*. at 1381 n.4. In *Pharmacia*, the Federal Circuit recognized that "the established rule in the federal courts" is "that a final judgment retains all of its res judicata consequences pending decision of the appeal." *Id*. at 1381 (citations omitted). This includes the Seventh Circuit:

> **The law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding**. That rule is applicable to holdings of patent invalidity as well. *SSIH Equipment S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 370, 218 USPQ 678, 683 (Fed. Cir. 1983) (additional citations omitted); see also Wright et al., § 4433, at 308 (1981 & Supp. 1998) (citing case law from the Supreme Court and from the Second, Fifth, Sixth, **Seventh**, Ninth, Eleventh, District of Columbia and Federal circuits for the proposition that a final

> judgment retains its preclusive effect despite the pendency of an appeal). … *See Williams v. Commissioner*, 1 F.3d 502, 504 (7th Cir. 1993) ("[A] judgment final in the trial court may have collateral estoppel effect even though the loser has not exhausted his appellate remedies.").

*Id.* (emphasis added, citations omitted).

During the September 12, 2012 Status Hearing, the Court noted that *Pharmacia* states: "[i]f another panel later concludes that one or more of the jury verdicts in that other case should be reversed, the district court can be asked to modify its judgment." *See* Hearing Transcript at 7:15-18; *Pharmacia*, 170 F.3d at 1382. Relying on this language, the Court observed that "it seems to me that that [passage] contemplates that any dismissal of this case would have to be without prejudice." *See* Hearing Transcript at 7:19-21. This was legal error. In *Pharmacia*, the District Court held that the Plaintiff "**was collaterally estopped from asserting its infringement claim by a prior judgment of invalidity and unenforceability**." *Id*. at 1373. Subsequently, on appeal, the Federal Circuit affirmed the district court and held that "**the district court did not err in applying collateral estoppel based on the judgment of invalidity and unenforceability in Mova, despite the fact that the motion for JMOL/new trial had not yet been resolved by the Mova court, and despite the possibility of a subsequent appeal of the Mova judgment**." *Id.* at 1382. Thus, the District Court's **collateral estoppel holding in** *Pharmacia* **was a final ruling on the merits (not a dismissal without prejudice) that was affirmed by the Federal Circuit. The Federal Circuit recognized that if the ruling that formed the basis for collateral estoppel was later overturned, the Plaintiff could move the District Court to modify its judgment accordingly even though it was a dismissal with prejudice. The same is true here. If Judge Hart's holding that the patents are unenforceable is later overturned by the Federal Circuit, Intellect Wireless can move the Court to modify the judgment in this**

case even after it is properly dismissed with prejudice; just as Intellect Wireless will have to do in the Judge Hart case.

Other Illinois Courts have also addressed this issue. In a case related to the *Pharmacia* Federal Circuit opinion, the District Court recognized that "[i]t is well-settled that, once a judgment is entered, that judgment is accorded an estoppel effect regardless of any pending postjudgment motions or appeal." *Pharmacia & Upjohn Co. v. Novo-Pharm Ltd.*, No. 97 C 3992, 1999 U.S. Dist. LEXIS 1257, at *10 (Feb. 2, 1999 N.D. Ill.). The District Court thus dismissed the case ***with prejudice*** based on a ruling in the related *Mova* case that the patent was invalid and unenforceable, even though that ruling was on appeal. In doing so, the District Court noted that:

> If the present case is dismissed and the pertinent holdings in *Mova* are overturned on appeal, the case can be reinstated pursuant to *Fed. R. Civ. P. 60(b)(5)*. That is no more time-consuming a procedure than would be moving to lift a stay. On the other hand, if *Mova* is affirmed, dismissing the case now expedites final resolution of this case.

*Id*. at *11; *see also Kim v. Conagra Foods, Inc.*, No. 01 C 2467, 2003 U.S. Dist. LEXIS 3774, at ** 3, 7-8 (March 12, 2003 N.D. Ill.) (dismissing patent infringement suit with prejudice based on collateral estoppel where patent was held invalid in another case and appeal was pending).

Similarly, in *Wachovia Sec., LLC v. Loop Corp.*, the District Court explained that ***unlike Illinois state law***, "the federal rule is that an issue has been litigated to its finality as soon as final judgment is entered, regardless of appellate rights." *Id*. at No. 05 C 3788, 2011 WL 710681, at ** 2-3 (N.D. Ill. Feb. 18, 2011). Here, Defendants plead counter claims of inequitable conduct and have the right to obtain a dismissal with prejudice of its claims based on res judicata.

The Court committed clear legal error when it dismissed this case without prejudice because it failed to follow Federal Circuit, Seventh Circuit and Northern District of Illinois precedent. Defendants respectfully request the Court to modify its judgment and dismiss this case with prejudice.

II.  **The Court Should Permit Defendants To Seek Fees and Costs Pursuant to 35 U.S.C. Section 285**

Defendants have the right to move for fees pursuant to 35 U.S.C. Section 285, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Judge Hart's Order effectively establishes that the patents-in-suit were wrongly obtained through inequitable conduct and that this case never should have been brought. *See* Docket No. 144. But for the fraudulently obtained patents, Defendants never would not have spent any legal fees defending this action.

Numerous cases establish that Defendants are entitled to be reimbursed their attorney fees under Section 285 when an inventor obtains a patent through inequitable conduct committed before the Patent Office. *See, e.g., Brasseler, U.S.A. I, LP v. Stryker Sales Corp.*, 267 F.3d 1370, 1386 (Fed. Cir. 2001) (affirming the District Court's award of attorneys' fees based on a finding that plaintiff engaged in inequitable conduct in obtaining patents at issue); *Pollenex Corporation v. Sunbeam-Home Comfort*, 835 F.Supp.403, 406 (N.D.Ill 1993) (finding inequitable conduct based on a pattern of misrepresentations made to the PTO and awarding attorneys' fees to defendants); *Nilssen v. Osram Sylvania, Inc.*, 528 F.3d 1352, 1356 (N.D. Ill. 2008) (finding inequitable conduct based on, among other things, the submission of misleading declarations to the PTO, and awarding attorneys' fees to defendant).

The Court's September 12, 2012 Order improperly denies Defendants the ability to seek attorney fees under Section 285. The Court ordered that "***Plaintiff*** will have leave to

reinstate the case within 30 days if the Federal Circuit reverses Judge Hart's decision. Request for award of fees and costs denied without prejudice to renewal if this case is reinstated." *See* Docket No. 145 (emphasis added). Thus, The Court's Order fails to allow ***Defendants*** the opportunity to seek fees and costs unless the Federal Circuit reverses Judge Hart and Plaintiff reinstates the case. This is legal error. Defendants have the right to seek their attorney fees under Section 285 as the prevailing party, independent of whether the Federal Circuit reverses Judge Hart's decision; the **Court's September 12, 2012 Order improperly denies Defendants this critical right.** Now is the most efficient and timely manner to address this issue because the same issue is going to be addressed in the Intellect Wireless v. HTC case before Judge Hart. Indeed, this is supported by the Local Rules which provide that fee motions "shall be filed and served no later than 91 days after the entry of the judgment or settlement agreement on which the motion is founded." LR54.3. Thus, Defendants respectfully request the Court the opportunity to seek attorney fees based, at a minimum, on the ground that this is an exceptional case under Section 285.

**III.     Conclusion**

For all of the reasons stated above, Defendants respectfully request that the Court reconsider the September 12, 2012 Order, which is based on clear legal error, and dismiss the case with prejudice. Defendants also request that the Court allow Defendants to proceed with briefing its motion for attorney fees and costs pursuant to 35 U.S.C. Section 285.

Dated: October 5, 2012        Respectfully submitted,

By:  /s/ Stephen S. Korniczky
    Stephen S. Korniczky
    Martin R. Bader
    Gray M. Buccigross
    Matthew M. Mueller
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    12275 El Camino Real, Suite 200
    San Diego, CA 92130
    Tel: (858) 720-8900
    Fax: (858) 509-3691
    skorniczky@sheppardmullin.com
    mbader@sheppardmullin.com
    gbuccigross@sheppardmullin.com
    mmueller@sheppardmullin.com

    Paul J. Korniczky
    LEYDIG, VOIT & MAYER, LTD.
    Two Prudential Plaza, Suite 4900
    180 N. Stetson Avenue
    Chicago, IL 60601-6731
    Tel: (312) 616-5600
    Fax: (312) 616-5700
    pkorniczky@leydig.com

Attorneys for Defendants
**HEWLETT-PACKARD COMPANY and PALM, INC.**

By:  /s/ Steven J. Reynolds (w/ permission)

    Steven J. Reynolds
    Monica L. Thompson
    DLA PIPER LLP (US)
    203 N. LaSalle Street, Suite 1900
    Chicago, IL 60601-1293
    Tel. (312) 368-4000
    Fax. (312) 368-6352
    steven.reynolds@dlapiper.com
    monica.thompson@dlapiper.com

    Richard de Bodo
    Andrew V. Devkar
    DLA PIPER LLP (US)

2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel. (310) 595.3000
Fax (310) 595-3300
richard.debodo@dlapiper.com
andrew.devkar@dlapiper.com

Attorneys for Defendants
**SHARP CORPORATION and SHARP ELECTRONICS CORPORATION**


By: /s/ Kimball R. Anderson (with permission)
Kimball R. Anderson
Imron T. Aly
Ivan M. Poullaos
Kathleen B. Barry
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
kanderson@winston.com
ialy@winston.com
ipoullaos@winston.com
kbarry@winston.com

Attorneys for Defendant
**DELL INC.**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court for the Northern District of Illinois using the court's ECF filing system, which will send notification to counsel of record.

Dated: October 5, 2012           /s/ Stephen S. Korniczky
                      Stephen S. Korniczky
                      *Attorney for Hewlett-Packard Company and Palm, Inc.*