IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTELLECT WIRELESS, INC., | |
| Plaintiff, | Case No. 10-cv-06763 |
| v. | Honorable Rebecca R. Pallmeyer |
| SHARP CORPORATION, SHARP ELECTRONICS CORPORATION, HEWLETT-PACKARD COMPANY, PALM, INC., DELL INC. | Magistrate Judge Jeffrey Cole |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS HEWLETT-PACKARD COMPANY AND PALM, INC.'S FEE AND EXPENSE MOTION**

## I. INTRODUCTION

For federal fee-shifting provisions such as section 285 of the Patent Act, the award of "reasonable" attorneys' fees is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012). Because the award of "attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law," Federal Circuit law applies. *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343 (Fed. Cir. 2001); *see also Homeland Housewares, LLC v. Hastie2Market, LLC*, 2014 WL 4400184, at *3 (Fed. Cir. Sept. 8, 2014) (quoting *Bywaters* in affirming award of § 285 fees).

"The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999) (citing *Hensley*, 461 U.S. at 433). In evaluating whether Defendants Hewlett-Packard Co. and Palm, Inc. (collectively, "HP") have met their burden, the Court may use its "prior experience to reduce hourly rates and the number of hours claimed in" HP's fee request. *Saxton v. Sec'y of Dep't of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *Water Techs. Corp. v. Calco, Ltd.*, 658 F. Supp. 980, 984 (N.D. Ill. 1987) (determining "the reasonableness of the claimed attorneys['] fees by judging the appropriateness of the hourly rates and the number of hours charged to the pursuit of the litigation.").

## II. PLAINTIFF'S OBJECTIONS TO HP'S TIME ENTRIES

HP disingenuously complains that Plaintiff has not complied with the spirit or letter of Local Rule 54.3 and that HP should be awarded its entire request for fees and costs on this basis alone. (HP's Mot. For Fees ("Mot."), Dkt. No. 202, at pp. 2-3). A day *after* the deadline for HP to provide Plaintiff with its fees, costs, and supporting materials, HP provided Plaintiff with a summary table that lacked any information sufficient for Plaintiff to evaluate the reasonableness

of HP's demand or by which Plaintiff could prepare its objections. HP did not give any explanation as to why it did not timely provide the required information. HP's failure to comply with the requirements and deadlines of Local Rule 54.3 is grounds for the Court to deny HP's fee petition in its entirety. HP belatedly, and still without explanation, provided Plaintiff with billing records on July 14, 2014, some 24 days after the deadline. Even then, what HP provided was a voluminous accounting of each and every hour and cost incurred by HP in this litigation.

HP erroneously contends that Plaintiff "objects to more fees than HP has even enumerated." (Mot. at p. 3). Even if this were true (it is not), it would be of HP's own doing, as there is no indication that HP undertook a critical evaluation of the bills it submitted to determine which fees were "reasonable." At least co-defendants Dell and Sharp undertook some effort to eliminate fees and expenses that they acknowledged they would not seek from Plaintiff.

As set forth in the parties' Joint Statement and Local Rule 54.3 correspondence, Plaintiff's objects to HP's sought-after attorneys' fees on several grounds: (1) improper block billing; (2) excessive and/or duplicative billing for invalidity contentions; (3) excessive and/or unnecessary billing for assisting with and/or reviewing co-defendants work; (4) excessive and/or unnecessary billing for reviewing Dan Henderson's deposition from other litigation; (5) excessive and/or unnecessary billing for time spent on an unfiled motion regarding "misjoinder;" (6) excessive billing for an "early case assessment;" (7) excessive billing for summary judgment briefing; (8) fees for time spent by local counsel analyzing other attorneys' work; (8) fees for administrative work; (10) unnecessary work performed during the stay; (11) vague and/or unsupported entries; (12) work unrelated to the present lawsuit; and (13) unreasonable hourly rates. (HP's Ex. 2). Each one of these bases warrants the reduction or wholesale denial of the identified fees. While many of HP's time entries are objectionable on multiple grounds as set forth in the parties' Joint Statement, Plaintiff has endeavored to ensure that each time entry is

deducted once from the requested fee award. As such, Plaintiff has requested a reduction of those time entries that were objected to on multiple grounds based only on a single objection. Plaintiff does not waive its additional objections to these time entries.

### A. Block Billing

While "block billing" is not *per se* prohibited, "courts have reduced or denied attorneys' fees where block billing and vague descriptions have left them unable to discern whether the amount of time spent on each individual task was reasonable." *Gibson v. City of Chicago*, 873 F. Supp. 2d 975, 986 (N.D. Ill. 2012). HP recognizes (as it must) that block billing has been criticized and that billing entries must provide enough detail "to allow the opposing party and the court to determine that the time billed accurately reflects the time spent on the case." (Mot. at p. 14). Each one of the entries that Plaintiff has objected to fits into this category. (HP's Ex. 2 at pp. 23-33). Plaintiff's objections show some of the more egregious examples of HP's counsel's block billing as shown in the excerpt of HP's lawyers' time entries in Plaintiff's Exhibit 1.

Time entry #1 reflects several different activities performed over ▇▇▇▇▇▇ : status of other cases, overview of plaintiff and defendants, summary of licenses, summary of the patents, detailed analysis of defenses and the scope of damages. But there is no way to determine the reasonableness of the hours spent for each of these activities. In time entry #2, Mr. Bader lists eight different tasks for the same block of time, making it impossible to determine if the time spent on any one of the tasks is reasonable. For time entry #3, Stephen Korniczky bills for three different tasks without any corresponding ability to determine how much time was spent on which task. These time entries exemplify the justified criticisms of block billing.

HP's attempts to justify its counsel's block billing practice are without merit. *First*, HP's contention – that Plaintiff's counsel's use of block billing justifies its own use (Mot. at p. 5) – is misplaced, as it has been previously rejected by this Court. *Duran v. Town of Cicero*, No. 01 C

6858, 2012 WL 1279903, at *12 (N.D. Ill. Apr. 16, 2012). The format of Plaintiff's counsel's time entries has no bearing on whether the Court can discern the reasonableness of the amount of time spent by HP's counsel on each individual task.[1]

***Second***, HP relies upon its approval for payment of its counsel's bills. (Mot. at p. 6). HP's willingness to pay its attorney's bills does not make them *per se* reasonable. The Court in *Bretford* explained that some sophisticated clients require task billing ***because*** block billing does not provide sufficient information to determine the reasonableness of attorney bills. *Bretford Mfg., Inc. v. Smith Sys. Mfg. Co.*, 421 F. Supp. 2d 1117, 1122 n.1 (N.D. Ill. 2006). This Court has rejected similar arguments based upon the Seventh Circuit's decision in *In re Synthroid Marketing Litigation*, upon which HP relies. *See Duran*, 2012 WL 1279903, at *12-13.

Although block-billed time entries are not *per se* unreasonable, the entries identified by Plaintiff obfuscate how much time was spent on each task. Plaintiff has objected to ■■■ based on block billing (HP's Ex. 2 at pp. 23-33) and now requests that HP's attorneys' fees award as to these entries be reduced by ■■■. *See, e.g., Gibson*, 873 F. Supp. 2d at 986-87. Accordingly, Plaintiff seeks the following reductions in HP's requested fees:

| Name | Requested Reduction |
|---|---|
| S. Korniczky | ■ |
| Bader | ■ |
| Buccigross | ■ |
| Lewis | ■ |

---

[1] The Seventh Circuit's opinion in *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 564, 569 (7th Cir. 2006) was made in the context of the parties' failure to comply with Local Rule 54.3 and a party's attempt to justify this non-compliance. Here, Plaintiff complied with Local Rule 54.3 and has not refused to provide its counsel's billing records.

### B. Fees for Unnecessary Invalidity Contentions

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. "[D]uplicative and excessive time, not reasonably billed to one's own client, cannot be billed to an adversary through a fee-shifting statute." *Jardien v. Winston Network, Inc.* 888 F.2d 1151, 1160 (7th Cir. 1989). In other words, hours that are "excessive, redundant, or otherwise unnecessary" should not be included in an attorney fee calculation. *Riggins v. Sec'y of Health & Human Servs.*, 406 F. App'x 479, 481 (Fed. Cir. 2011).

The number of hours HP's counsel billed in connection with researching prior art and preparing invalidity contentions are excessive and represent hours billed by multiple attorneys doing the same work. Not only was this work excessive, but it was entirely unnecessary: HP never served invalidity contentions. Indeed, the Court never established a date for the exchange of such contentions. Rather than adopt the standard local patent rule schedule, which provides for the service of invalidity contentions, the parties and the Court adopted a completely different schedule and approach to this litigation. The parties briefed and argued a motion to dismiss followed by defendants' motion for summary judgment without any substantive discovery. Defendants' motions were based on non-infringement arguments and had nothing to do with validity. This time, which should not have been billed in the first place, should not now be billed to Plaintiff. *Jardien*, 888 F.2d at 1160; *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 770-71 (S.D. Ind. 2003). Accordingly, Plaintiff requests the following reductions:

| Name | Requested Reduction |
|---|---|
| S. Korniczky | ■ |
| Bader | ■ |

| | |
|---|---|
| Buccigross | ▮ |
| Kim | ▮ |
| Marina | ▮ |
| Bautista | ▮ |

**C.      Reviewing Co-Defendants Work**

Plaintiff seeks a modest reduction in HP's overall fee request for work spent reviewing other co-defendants' work and filings. Plaintiff does not object to fees for work on joint motions. Plaintiff does object to billing entries where HP did not join the motion and was merely reviewing work done by other parties as highlighted by the examples in Plaintiff's Exhibit 1. In the first and third entries, Stephen Korniczky reviewed motions prepared and filed by Dell. (Pl.'s Ex. 1 at p. 1). There is no indication that he assisted in the drafting or revisions to either of the motions filed by co-defendant Dell. The same is true with regards to the second time entry by Mr. Buccigross. HP has not carried its burden to explain why such fees are reasonable. *See Jardien*, 888 F.2d at 1160. Plaintiff requests the following reductions in HP's fees:

| Name | Requested Reduction |
|---|---|
| S. Korniczky | ▮ |
| Bader | ▮ |
| Buccigross | ▮ |

**D.      Analysis of Henderson Deposition**

Plaintiff objects to those billing entries related to Dan Henderson's deposition because Mr. Henderson was not deposed in this litigation and any analysis of his deposition is related to other litigation involving the Sheppard Mullin lawyers. HP's request for these fees is also problematic because the transcript of Mr. Henderson's deposition was not produced or otherwise made available in this case. Therefore, the substance of Mr. Henderson's deposition testimony

should not have been shared by the Sheppard Mullin attorneys with the co-defendants in this case. Accordingly, Plaintiff requests the following reductions in HP's requested fees:

| Name | Requested Reduction |
|---|---|
| S. Korniczky | ■ |
| Bader | ■ |
| Buccigross | ■ |

### E. Excessive Fees for Never Filed Misjoinder Motion

The number of hours billed by HP's attorneys for researching a preparing a motion to sever for misjoinder are excessive and unreasonable. HP never filed a motion for misjoinder and its attempt to now seek fees for such a motion should be denied. Hours that are "excessive, redundant, or otherwise unnecessary" should not be included in an attorney fee calculation. *Riggins*, 406 F. App'x at 481. The issue is not that HP's motion for misjoinder was unsuccessful or undecided; HP did not even file such a motion. Therefore, seeking fees for such an unfiled motion is unreasonable. *See Eli Lilly*, 264 F. Supp. 2d at 770-71 (disallowing all fees sought for a summary judgment motion that was never filed). Accordingly, Plaintiff requests the following reductions in HP's requested fees:

| Name | Requested Reduction |
|---|---|
| S. Korniczky | ■ |
| Bader | ■ |
| Buccigross | ■ |

### F. Early Case Assessment

HP contends that the time its attorneys spent on the early case assessment was important and necessary. (Mot. at pp. 9-10). First, HP's reliance on *DePuy* is misplaced as that was a complicated class action lawsuit, different from this case. *Dupuy v. McEwen*, 648 F. Supp. 2d 1007, 1020 (N.D. Ill. 2009). Second, not only are the early case assessment time entries (HP's

- 7 -

Ex. 2 at pp. 9-10) improperly block billed but they are also duplicative and excessive in light of HP's time entries for its unsuccessful motion to dismiss and the preparation of its answer and counterclaims, many of which Plaintiff did not object to. Plaintiff requests a ▇ reduction in the time entries billed for the early case assessment.

| Name | Requested Reduction |
|---|---|
| S. Korniczky | ▇ |
| Bader | ▇ |

### G. Summary Judgment Briefing

After its motion to dismiss was denied, HP moved for summary judgment of no direct infringement and no indirect infringement. (Dkt. No. 111). The Court denied HP's motion as to Plaintiff's claims of indirect infringement, but granted HP's motion as to Plaintiff's claims of direct infringement. (Dkt. No. 132). Five attorneys worked a total of ▇ on HP's opening summary judgment brief and reply summary judgment brief. (HP's Ex. 2 at pp. 10-16).

These time entries are once again excessive. HP's counsel had already spent at least ▇ on its motion to dismiss (HP's Ex. 3), upon which the subsequent motion for summary judgment was based. Considering HP's attorneys already laid the foundation for its summary judgment motion months earlier, it is unreasonable for HP's attorneys to require over ▇ ▇ to finalize this motion. Moreover, HP and co-defendant Dell jointly filed their motion and reply in support of their motion for summary judgment. (Dkt. Nos. 111 and 123). Combined, these defendants are seeking fees for more than ▇ of summary judgment briefing. This exemplifies duplicative and excessive fees that should be reduced to a reasonable amount. Plaintiff seeks the following reductions in HP's requested fees:

| Name | Requested Reduction |
|---|---|
| S. Korniczky | ▇ |

- 8 -

| | |
|---|---|
| Bader | ▉ |
| Buccigross | ▉ |
| Kim | ▉ |
| Bautista | ▉ |

H.   **Local Counsel Fees for Analyzing Others' Work**

HP must show that its local counsel's fees were reasonably incurred. *Lane v. Piper Jaffray Cos.*, No. 01-C-925, 2005 WL 1229388, at *8 (E.D. Wis. May 24, 2005). HP and its counsel – whether lead or local – "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

HP seeks reimbursement for work performed by its local counsel, Paul Korniczky, at a rate of ▉. (HP's Ex. 1 at p. 1). Plaintiff objects to ▉ hours of work by Paul Korniczky because the objected to time entries for Paul Korniczky indicate that he was analyzing motions filed by HP, Dell, and Sharp. This is notable because Paul Korniczky only represented HP and his analysis of papers filed by co-defendants Dell and Sharp was duplicative and excessive in light of the time entries on the same tasks from Stephen Korniczky, Martin Bader, Graham Buccigross, Matthew Mueller, Nam Kim, Rex Bautista, and others. As such, HP should not be reimbursed for these fees. *Cf. Lane*, 2005 WL 1229388, at *8 (denying award of local counsel's fees for duplicative work, such as attending trial without participating). Accordingly, Plaintiff requests the following reductions in HP's requested fees:

| Name | Requested Reduction |
|---|---|
| P. Korniczky | ▉ |

## I. Administrative or Non-Legal Time Entries

HP has unreasonably sought ▉ in fees for work that can only be characterized as non-legal, administrative tasks. Tellingly, neither Dell nor Sharp has sought fees for this type of work and HP's request should be denied in its entirety. Purely administrative and clerical tasks, *i.e.*, tasks that need not be performed by attorneys, are not reimbursable as attorneys' fees. *Spegon*, 175 F.3d at 553; *Firestine v. Parkview Health Sys., Inc.*, 374 F. Supp. 2d 658, 667 (N.D. Ind. 2005). To award attorneys' fees for such tasks would improperly "compensate directly for attorney overhead." *Lane*, 2005 WL 1229388, at *7. Courts have found such non-reimbursable tasks to include filing motions; faxing; photocopying; organizing file folders; document preparation; gathering, copying, and labeling documents; scheduling various matters; mailing letters; maintaining "file integrity"; and updating case lists and calendars based on the status of the case. *See Spegon*, 175 F.3d at 553; *Firestine*, 374 F. Supp. 2d at 667; *Lane*, 2005 WL 1229388, at *7. HP's attorneys are seeking fees for things like preparing their monthly invoices to HP, preparing monthly reconciliation reports as to invoices and payments, and even training for TeamConnect, a software product for law firms for electronic billing – all of which are purely administrative or clerical tasks. (Ex. 1 at p. 2). Plaintiff requests the following reductions in HP's requested fees:

| Name | Requested Reduction |
|---|---|
| S. Korniczky | ▉ |
| Bader | ▉ |
| Buccigross | ▉ |
| Lewis | ▉ |
| Bautista | ▉ |
| Bond | ▉ |
| P. Korniczky | ▉ |
| Erickson | ▉ |

### J. Work Performed By HP's Counsel During the Stay of the Litigation

Plaintiff's efforts to reduce costs in this litigation "are relevant to calculating the amount of fees to be awarded." (Dkt. No. 168 at p. 18). On March 23, 2012, this litigation was stayed by agreement of the parties pending Judge Hart's ruling in the *HTC* litigation. (Dkt. No. 136). On October 10, 2012, the Court ruled that the litigation would be dismissed with prejudice 30 days after a Federal Circuit decision affirming Judge Hart's ruling. (Dkt. No. 150). The Federal Circuit's affirmance occurred on October 9, 2013. (Dkt. No. 154-3).

Fees incurred during the approximately 18-month stay (*see* HP's Ex. 2 at p. 33) are not "reasonably expended" and "necessary to the conduct of the litigation." *See Riggins*, 406 F. App'x at 481 (citing *Hensley*, 461 U.S. at 434); *Crispin R. v. Bd. of Educ. of Chi., Dist. 299*, No. 09-CV-3993, 2010 WL 3701328, at *6 (N.D. Ill. Sept. 10, 2010). The purpose of a stay is to prevent the unnecessary expenditure of resources and time, and dispense with the need for substantive analysis and work, such as the development of defenses or the analysis of a parallel litigation. Thus, Plaintiff seeks the following reductions in HP's requested fees:

| Name | Requested Reduction |
|---|---|
| S. Korniczky | ■ |
| Bader | ■ |
| Buccigross | ■ |
| Mueller | ■ |
| Bautista | ■ |

### K. Vague or Heavily Redacted Time Entries

"A court should not award attorneys' fees to a party for time entries that are so vague that it is impossible to discern whether the time is excessive or even relevant to the claim on which the plaintiff prevailed." *Crispin R.*, 2010 WL 3701328, at *6. HP mistakenly argues that

Plaintiff's bills are similarly redacted and that Plaintiff's complaints are hypocritical. (Mot. at pp. 13-14). Plaintiff's redactions are irrelevant to HP's burden to demonstrate that its requests are reasonable. Regardless, the redactions in Plaintiff's time entries were different litigation matters, not time entries for this case as required by Local Rule 54.3. HP's redactions prevented Plaintiff from evaluating these fees during the Local Rule 54.3 process and warrant a reduction in HP's request. *See, e.g., Pyatt v. Jean*, No. 04-CV-3098 (TCP)(AKT), 2010 WL 3322501, at *4-5 (E.D.N.Y. Aug. 17, 2010); *Signature Networks, Inc. v. Estefan*, No. C 03-4796 SBA, 2005 WL 1249522, at *8 (N.D. Cal. May 25, 2005).

Examples of HP's redacted time entries are shown in Plaintiff's Exhibit 1. The first redacted time entry pertains to a call with Dell's counsel Imron Aly. HP has not provided an explanation for the redaction of this entry and the reasonableness of this entry cannot be appropriately evaluated. The second and fourth redacted time entries pertain to communications with James Carmichael, HTC's expert in the co-pending litigation. HP provided no explanation as to why the description of the work with Mr. Carmichael was redacted. Finally, the redaction in Stephen Korniczky's time entry makes it so vague that it cannot be evaluated. Plaintiff requests that the Court deny Dell's fees for these time entries, as follows:

| Name | Requested Reduction |
| --- | --- |
| S. Korniczky | ■ |
| Bader | ■ |
| Buccigross | ■ |
| Lewis | ■ |

### L. Fees Unrelated to Lawsuit

Finally, Plaintiff objects to certain time entries as they do not appear to be related to this litigation. HP claims that it reviewed scheduling orders from other patent infringement cases to develop a reasonable case schedule. Such an explanation seems odd given that no case schedule

was ever adopted in this case and this district has local patent rules which set forth a comprehensive and reasonable case schedule. As explained in Section II(D) above, the review and discussion of Dan Henderson's deposition transcript is problematic because Mr. Henderson was not deposed in this litigation nor had discovery commenced such that a deposition transcript from another case was produced to HP. Finally, the search for, and interview of, expert witnesses is unreasonable in light of the positions expressed by HP in its motion to dismiss and motion for summary judgment. Plaintiff seeks the following reductions in HP's requested fees:

| Name | Requested Reduction |
|---|---|
| S. Korniczky | ▮ |
| Bader | ▮ |
| Buccigross | ▮ |
| Kim | ▮ |

### III. HP'S ATTORNEYS' HOURLY RATES ARE UNREASONABLE

HP's request for compensation at the hourly rates charged by its attorneys in this litigation does not survive scrutiny. *First*, HP's motion is completely silent as to the reasonableness of its counsel's billing rates. Given that it is HP's burden to prove that its billing rates are reasonable, its failure to even address its billing rates in its motion could be viewed as a waiver of any such argument and adoption of the rates proposed by Plaintiff below.

*Second*, to determine whether HP's attorneys' rates are reasonable, the Court must look at the prevailing market rates *in the relevant community*, *i.e.*, the forum where the Court is located. *See Bywaters*, 670 F.3d at 1232-33; *Eli Lilly*, 264 F. Supp. 2d at 765-66. According to the 2013 AIPLA Survey, the average hourly billing rate is $497/hr for a private firm partner in the Chicago region and $365/hr for a private firm associate. (Ex. 2, 2013 AIPLA Survey at I-34, I-48). The average hourly rates of the primary attorneys on this matter – partners Stephen Korniczky (▮) and Martin Bader (▮), and associates Graham Buccigross (▮),

Matthew Mueller (███████) – all exceed the relevant average hourly billing rate in the relevant community. (HP's Ex. 1 at p. 1).[2] Thus, HP should only be permitted to recover attorneys' fees at the following rates:

| Name | Requested Rate |
|---|---|
| Korniczky, S. (partner) | $497/hr |
| Bader (partner) | $497/hr |
| Buccigross (associate) | $365/hr |
| Mueller (associate) | $365/hr |
| Korniczky, P. (partner) | $497/hr |
| Lewis (paralegal) | $195/hr |
| Puente (legal staff) | $195/hr |

## IV.     HP'S ENTITLEMENT TO INTEREST

Prejudgment interest may be added to an award of attorneys' fees under 35 U.S.C. § 285 "in cases of 'bad faith or other exceptional circumstances.'" *Mathis v. Spears*, 857 F.2d 749, 761 (Fed. Cir. 1988). While Plaintiff does not challenge the award of prejudgment interest at the prime rate from the filing of this litigation, October 20, 2010 to May 29, 2014, the day before the Court's "exceptional" case ruling, Plaintiff challenges HP's request for the award of prejudgment interest compounded monthly, as HP has provided no factual or legal support for this request.

Additionally, HP's request for the award of postjudgment interest at the prime rate compounded monthly is prohibited by statute. Postjudgment interest in federal litigation is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment." 28 U.S.C. §

---

[2] Plaintiff does not object to the hourly rates for attorneys Kim and Marina. Plaintiff objects to the rates of HP's non-attorney staff Lewis and Puente and propose that their hourly rates be adjusted to no more than $195/hr.

1961(a); *Mathis*, 857 F.2d at 760; *Cement Div., Nat'l Gypsum Co. v. City of Milwaukee*, 144 F.3d 1111, 1116 (7th Cir. 1998). HP is entitled to postjudgment interest on its fee award, computed daily and compounded annually, from May 30, 2014 – the date of the Court's award of fees – to the date of payment. 28 U.S.C. § 1961(b); *see also Mathis*, 857 F.2d at 759-60.

## V. CONCLUSION

Based upon HP's identification of attorney hours worked and rates charged in the parties' Joint Statement and Plaintiff's requested reductions described above, Plaintiff respectfully seeks an award of attorneys' fees to HP as follows:

| Name | Requested Reduction in Hours | Hours Reasonably Expended | Reasonable Hourly Rate | Amount of Reasonable Fees |
|---|---|---|---|---|
| S. Korniczky | ■ | ■ | $497 | ■ |
| Bader | ■ | ■ | $497 | ■ |
| Buccigross | ■ | ■ | $365 | ■ |
| Kim | ■ | ■ | $365 | ■ |
| Mueller | ■ | ■ | $365 | ■ |
| Marina | ■ | ■ | $210 | ■ |
| P. Korniczky | ■ | ■ | $497 | ■ |
| Bautista | ■ | ■ | $195 | ■ |
| Lewis | ■ | ■ | $195 | ■ |
| Bond | ■ | ■ | $195 | ■ |
| Johnson | ■ | ■ | $145 | ■ |
| Puente | ■ | ■ | $195 | ■ |
| Weber | ■ | ■ | $175 | ■ |
| Erickson | ■ | ■ | $170 | ■ |
| | | | **TOTAL FEES** | ■ |

Similarly, based upon the parties' Joint Statement (HP's Ex. 1) and Plaintiff's objection letter to HP's fees and expenses (HP's Ex. 2), Plaintiff respectfully seeks an award of expenses to HP according to the following calculation ■.

- 15 -

Respectfully submitted,

*/s/ Raymond P. Niro*
Raymond P. Niro (rniro@nshn.com)
Paul K. Vickrey (vickrey@nshn.com)
David J. Mahalek (mahalek@nshn.com)
Joseph A. Culig (culig@nshn.com)
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137

Attorneys for Intellect Wireless, Inc.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on September 25, 2014, the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS HEWLETT-PACKARD COMPANY AND PALM, INC.'S FEE AND EXPENSE MOTION** was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

Imron T. Aly
(ialy@winston.com)
Kimball R. Anderson
(kanderson@winston.com)
Kathleen B. Barry
kbarry@winston.com
Anthony D. Pesce
(apesce@winston.com)
Winston & Strawn LLP
35 W. Wacker
Chicago, IL 60601-9703
Tel: (312) 558-5600
Fax: (312) 558-5700

*Attorneys for Dell Inc.*

Paul J. Korniczky (pkorniczky@leydig.com)
Leydig, Voit & Mayer, Ltd.
180 North Stetson Avenue
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6731
Tel: (312) 616-5600
Fax: (312) 616-5700

Martin R. Bader
(mbader@sheppardmullin.com)
Stephen S. Korniczky
(skorniczky@sheppardmullin.com)
Graham M. Buccigross
(gbuccigross@sheppardmullin.com)
Matthew M. Mueller
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
Tel: (858) 720-7446
Fax: (858) 847-4883
*Attorneys for Hewlett-Packard Company and Palm, Inc.*

Monica L. Thompson
(monica.thompson@dlapiper.com)
Steven J. Reynolds
(steven.reynolds@dlapiper.com)
DLA Piper LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
Tel: (312) 368-4000
Fax: (312) 236-7516

*Attorneys for Sharp Electronics Corporation and Sharp Corporation*

Christopher P. Broderick
(Christopher.broderick@dlapiper.com)
Richard de Bodo (Richard.debodo@dlapiper.com)
Andrew V. Devkar
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
Tel: (310) 595-3106/Fax: (310) 595-3300

*Attorneys for Sharp Electronics Corporation and Sharp Corporation*

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                    */s/ Raymond P. Niro*
                                  Attorneys for Intellect Wireless, Inc.