IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTELLECT WIRELESS, INC., | |
| Plaintiff, | Case No. 10-cv-06763 |
| v. | Honorable Rebecca R. Pallmeyer |
| SHARP CORPORATION, SHARP ELECTRONICS CORPORATION, HEWLETT-PACKARD COMPANY, PALM, INC., and DELL INC., | Magistrate Judge Jeffrey Cole |
| Defendants. | |

**SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO MOTION FOR ADVERSE INFERENCE**

The defendants here, like HTC in the related case before Judge Hart, have sought an adverse inference based upon an alleged failure by the Niro firm to produce documents (Dkt. 181). HTC led Judge Hart to erroneously conclude that the Niro firm had not produced "all of the documents sought [by HTC]" (HTC Dkt. 343 at 10). On the basis of this factual finding, the Court concluded that an adverse inference was warranted (HTC Dkt. 343 at 29). It was not.

The undersigned was directly responsible for the production of responsive documents in the *HTC* case as trial counsel for the Niro firm and can represent to this Court that the Niro lawyers acted at my direction in complying with Judge Hart's May 29, 2014 Order (HTC Dkt. 294). This Court's June 2, 2014 Order (Dkt. 169) required production of the same documents. In a nutshell, the undersigned made sure there was compliance with the two Court Orders. Specifically:

• HTC requested documents in ten specific categories quoted at page 3, defendant's adverse inference motion (Dkt. 181 at 3). Responsive documents to those 10 requests were produced at the direction of the undersigned counsel

after a complete review of all potentially responsive documents. This happened on June 5, 2014 (Exhibit A);

• HTC then attempted to broadly restate its earlier requests to encompass additional documents like communications with appellate counsel and experts, invoices, phone records, pretrial work product and more. This was done in a letter to the undersigned counsel dated June 11, 2014 (Exhibit B);

• These newly requested documents were not within the scope of the 10 categories and Paul Vickrey so advised HP's and Palm's counsel on June 16, 2014 (Exhibit C);

• HTC and the defendants here both moved for the imposition of an adverse inference based upon documents that were neither requested nor subject to Judge Hart's Order (HTC Dkt. No. 291);

• The undersigned was personally responsible for the Niro lawyers' full compliance with Judge Hart's Orders;

• The Court in the *HTC* case was led to believe that all responsive documents had not been produced when, in fact, they had been produced.

Most critically, the undersigned counsel confirmed the Niro lawyers' compliance with the HTC document requests in the following email sent to the Niro firm on June 13, 2014 (Exhibit D), which responds to a June 11, 2014 email to me (Exhibit B):

GUYS -- see below -- WHY DON'T YOU FOLKS DRAFT A POLITE RESPONSE OVER MY SIGNATURE

WE DO NOT WANT TO GET SIDEWAYS WITH EITHER JUDGE HART OR JUDGE PALLMEYER JUST BECAUSE THESE JERKS ARE NOW OVERREACHING ONCE AGAIN.

THE TONE OF THE LETTER CAN BE CONCILIATORY BUT MUST FIRMLY STATE THAT ALL OF THE DOCUMENTS COVERED BY THEIR ORIGINAL 10 CATEGORIES HAVE BEEN PRODUCED.

Remember -- MONTHS HAVE PAST SINCE OUR EARLIER PRODUCTIONS AND NOTHING HAVING TO DO WITH THE MORE RECENT PRODUCTION OF THE WITHHELD DOCUMENTS JUSTIFIES THIS LATEST GROUP OF NEW REQUESTS

IF OUR PRODUCTION HAD ACTUALLY BEEN DEFICIENT WHEN WE MADE IT MANY MOONS AGO, WE WOULD HAVE HEARD THE WHINING BACK THEN

(Exhibit D, Email of June 13, 2014).  I then wrote to counsel for Intellect Wireless on

Saturday, June 14, 2014, making the same point:

> <u>SHELLY</u> – LAST TIME WE WENT THROUGH THIS WE CONFIRMED WITH YOU THAT YOU AND DAN HAD PRODUCED EVERYTHING IN RESPONSE TO THE ORIGINAL 10 REQUESTS <u>WHICH WE HAD SUPPLEMENTED WITH A FURTHER PRODUCTION  AFTER THAT CONFERENCE WITH THE LEYDIG GUY MANY MONTHS AGO</u>
>
> *THE CURRENT BADER LETTER SETS FORTH ARE NEW AFTER-THE-FACT REQUESTS HAVING LITTLE TO DO WITH FEES*
>
> IF THESE REQUESTS WERE IN ANY SENSE RELEVANT NOW AND IF THEY WERE PART OF THE ORIGINAL 10, THEY WOULD HAVE RAISED THESE MATTERS BACK ON FEBRUARY 17TH WHEN WE MET AND CONFERRED AND AGREED TO SUPPLEMENT OUR EARLIER RESPONSES.
> <u>PLEASE REVIEW THE ATTACHED – YOU WILL SEE WHAT I MEAN</u>
>
> DO YOU MEAN TO TELL ME THAT THEY WOULD NOT HAVE RAISED THIS NEW ARGUMENT ABOUT THEIR NEWLY CONTRIVED THEORY ABOUT THE SCOPE OF THE REQUESTS BACK IN FEBRUARY OR MARCH IF THE ORIGINAL 10 REQUESTS ACTUALLY MEANT WHAT THEY NOW <u>PRETEND THEY SAY.</u>

(Exhibit E).  Mr. Vickrey then wrote HTC's counsel confirming the production of all

responsive documents in accordance with my June 13, 2014 email:

> As you know, we produced responsive documents and submitted other responsive documents to Judge Hart for *in camera* inspection.  All such documents have been produced, and they establish what you refused to believe in your January 14, 2014 email:  Nobody at the Niro firm knew about the February 9, 2007 declaration and/or its inaccuracies prior to filing suit.

(Exhibit C, p. 2).

The undersigned counsel has been a member of the trial bar of this Court for

more than 50 years and has served as Chairman of the Illinois Judicial Inquiry Board,

Chairman of the American Bar Association Standing Committee on Professional

Discipline and Vice Chairman of the ABA Litigation Section on Professional

Responsibility. I have also participated in the drafting, implementation and updating of the ABA Model and Illinois Rules of Professional Conduct.

As an officer of this Court and the attorney of record for the Niro firm in the *HTC* case, I would never have permitted the Niro firm lawyers to withhold from production any properly requested documents. The undersigned can unequivocally represent to this Court that at no time did he or any member of the Niro firm ever withhold any documents that were responsive to the 10 requests made by HTC or by the defendants in this case. There was also full compliance with the applicable Court Orders. Hence, there is simply no basis for the drawing of any adverse inference based upon the failure to timely produce documents.

Respectfully submitted,

*/s/ Robert P. Cummins*
Robert P. Cummins (IL Bar No. 557838)
Norman, Hanson & DeTroy LLC
Two Canal Plaza, P.O. Box 4600
Portland, Maine 04112-4600
rpc@cumminslawfirm.com
(207) 553-4712

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 13, 2015 the foregoing

## SUPPLEMENTAL MEMORANDUM IN
## OPPOSITION TO MOTION FOR ADVERSE INFERENCE

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

Kimball R. Anderson
(kanderson@winston.com)
Kathleen B. Barry
kbarry@winston.com
Anthony D. Pesce (apesce@winston.com)
Ivan Michael Poullaos
(ipoullaos@winston.com)
Winston & Strawn LLP
35 W. Wacker
Chicago, IL 60601-9703
Tel: (312) 558-5600/Fax: (312) 558-5700

***Attorneys for Dell Inc.***

Monica L. Thompson
(monica.thompson@dlapiper.com)
Steven J. Reynolds
(steven.reynolds@dlapiper.com)
DLA Piper LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
Tel: (312) 368-4000/Fax: (312) 236-7516

***Attorneys for Sharp Electronics
Corporation and Sharp Corporation***

Richard de Bodo
rich.debodo@morganlewis.com
Andrew Devkar
andrew.devkar@morganlewis.com
Morgan Lewis & Bockius LLP
1601 Cloverfield Boulevard , Suite 2050 North
Santa Monica, CA 90404-4082
Tel.: 310.907.1000 /Fax: 310.907.2000
***Attorneys for Sharp Electronics
Corporation and Sharp Corporation***

Paul J. Korniczky (pkorniczky@leydig.com)
Leydig, Voit & Mayer, Ltd.
180 North Stetson Avenue
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6731
Tel: (312) 616-5600
Fax: (312) 616-5700

Martin R. Bader
(mbader@sheppardmullin.com)
Stephen S. Korniczky
(skorniczky@sheppardmullin.com)
Graham M. Buccigross
(gbuccigross@sheppardmullin.com)
Matthew M. Mueller
(mmueller@sheppardmullin.com)
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
Tel: (858) 720-7446
Fax: (858) 847-4883
***Attorneys for Hewlett-Packard Company
and Palm, Inc.***

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Robert P. Cummins
Robert P. Cummins