# EXHIBIT B

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
858.720.8900 main
858.509.3691 fax
www.sheppardmullin.com

858.720.7446 direct
mbader@sheppardmullin.com

June 11, 2014

File Number: 25SL-157054

**VIA E-MAIL**

Robert P. Cummins
The Cummins Law Firm, P.C.
161 North Clark St., Ste. 2550
Chicago, IL 60601
E-Mail: rpc@cumminslawfirm.com

Shelly Byron Kulwin
Kulwin Masciopinto & Kulwin, LLP
161 North Clark St., Ste. 2500
Chicago, IL 60601
E-Mail: skulwin@kmklawllp.com

Re: *Intellect Wireless, Inc. v. Sharp Corp. et al.*,
USDC Northern District of Illinois (Case No. 1:10-cv-06763)

Dear Mr. Cummins and Ms. Kulwin:

We write regarding the Niro firm and Intellect Wireless's ("IW") failure to comply with the Court's June 2, 2014 Order compelling the production of documents from the *Intellect Wireless, Inc. v. HTC Corporation* litigation (Case No. 1:09-cv-02945).

As you are well aware, on January 30, 2014, Judge Hart in *Intellect Wireless, Inc. v. HTC* ordered the Niro firm and IW to produce the following ten categories of documents:

1. All documents relating to Niro's knowledge of the veracity of the Rule 131 declarations during the prosecution of the patents-in-suit.

2. All communications between Niro and Henderson and/or Tendler regarding the Rule 131 declarations prior to filing the lawsuit against HTC.

3. All documents relating to when Niro first became aware of the Rule 131 declarations.

4. All documents relating to when Niro first became aware that the February 9th Rule 131 declaration was false or inaccurate.

5. All documents relating to any advice and/or consultation that Niro provided to Henderson or IW regarding the Rule 131 declarations during the prosecution of any of Henderson's or IW's patent applications.

**SheppardMullin**

Robert P. Cummins and Shelly Byron Kulwin
June 11, 2014
Page 2

    6. All communications between Niro and Cliff Kraft regarding the Rule 131 declarations prior to filing the lawsuit against HTC.

    7. Phone records from February 2007 for any calls between the Niro firm and IW, Henderson, and/or Tendler.

    8. All communications between the Niro firm and IW, Henderson, and/or Tendler during January through May 2007.

    9. Invoices and/or any records of time spent by the Niro firm relating to work for Henderson and/or IW from January through May 2007.

    10. Copies of any calendar appointments relating to Henderson, IW, and/or Tendler from January through May 2007.

Despite Judge Hart's order, Niro and IW withheld at least 69 documents on the grounds that they were allegedly privileged. HTC subsequently moved to compel the production of the logged documents, as well as any other responsive documents. On May 6, 2014, Judge Hart granted HTC's motion to compel, unequivocally finding that the crime-fraud exception vitiated any privilege that IW may have once had: "IW does not have an attorney-client privilege which prevents the production of the documents withheld by its attorneys." *Intellect v. HTC*, May 6, 2014 Order (Dkt. No. 291) at 4. On May 29, 2014, Judge Hart ordered the Niro firm and IW to produce all such documents by June 5, 2014.

On May 28, 2014, Dell, Hewlett-Packard, and Palm moved to compel production of the documents that Judge Hart ordered produced. The Court granted that motion by agreement on June 2, 2014 (Dkt. No. 169). IW did not produce any documents. While Niro did, its production is grossly deficient.

Category No. 1 requires that Niro and IW produce "[a]ll documents relating to Niro's knowledge of the veracity of the Rule 131 declarations during the prosecution of the patents-in-suit." Category No. 5 requires that Niro and IW produce "[a]ll documents relating to any advice and/or consultation that Niro provided to Henderson or IW regarding the Rule 131 declarations during the prosecution of any of Henderson's or IW's patent applications." Notably, Henderson continued prosecuting his picture phone patent applications until at least June 25, 2013, when Henderson's last related patent application was issued by the PTO. (*See* U.S. Patent No. 8,472,595.) The following documents are responsive to Category Nos. 1 and 5, but Niro and IW failed to produce them:

- Any work product relating to the declarations, HTC's inequitable conduct allegations, Henderson's intent and/or the materiality of the declarations, including without limitation in opposing HTC's motion for summary judgment and/or in preparing for trial in this case or the HTC case. In fact, IW and Niro failed to produce a single document relating to its opposition to the motion for summary judgment and/or its trial preparation on these critical issues for which any privilege no longer attaches. It is abundantly clear from Niro's recent production that there necessarily must be many privileged and/or work-

**SheppardMullin**

Robert P. Cummins and Shelly Byron Kulwin
June 11, 2014
Page 3

>   product documents that were improperly excluded from Niro's privilege log in the HTC litigation. In view of Judge Hart's Order with respect to the crime-fraud exception, these documents must be produced. Please confirm that these documents will be produced immediately or confirm that none exist.
>
> - Any pre-suit work product relating to Niro's Rule 11 analysis as it relates to the declarations. Please confirm that that these documents will be produced immediately or confirm that none exist.
>
> - Any communications between Niro, IW and/or IW's appellate counsel relating to the declarations, HTC's inequitable conduct allegations, Henderson's intent and/or the materiality of the declarations. Please confirm that that these documents will be produced immediately or confirm that none exist.
>
> - In Niro's opposition to HTC's motion to compel the production of allegedly privileged documents (Dkt. No. 285), Niro represented that law professors studied the prosecution histories of the Henderson patents and HTC's claims of inequitable conduct. However, Niro and IW failed to produce a single communication with the professors or any of their analysis. Please confirm that that these documents will be produced immediately or confirm that none exist.
>
> - Niro and IW failed to produce all invoices to Intellect/Henderson relating to advice surrounding the Rule 131 declarations. Namely, Niro failed to produce its invoices from the present case and/or any of the related Intellect Wireless cases. Please confirm that that these documents will be produced immediately or confirm that none exist.

Further, Niro's June 5, 2014 production is obviously deficient in at least the following respects:

- Niro failed to produce any communications with IW's inequitable conduct expert, John Love, or any of his analysis or draft reports from this litigation or the HTC litigation. Nor did Niro produce any communications with Henderson regarding Love's analysis.

- IW085474-538 is a fax with a cover sheet stating that it contains 71 pages, but Niro only produced 65 pages.

- IW085539-602 is a fax with a cover sheet stating that it contains 72 pages, but Niro only produced 64 pages.

- IW085603-614 is a fax with a cover sheet stating that it contains 13 pages, but Niro only produced 12 pages.

- The following emails have attachments, but Niro failed to produce the attachments: IW085457, IW085662-663, IW085664-669, IW085686-693, IW085670-677, IW085744.

**SheppardMullin**

**SheppardMullin**

Robert P. Cummins and Shelly Byron Kulwin
June 11, 2014
Page 4

- Niro's production lacks the redacted portions of the phone records that Niro previously produced.

- Please confirm that IW085463-473 (the SmartCall invoice) has not been redacted or otherwise altered.

Please comply with the Court's Order immediately.


Very truly yours,

*/s/ Martin R. Bader*

Martin R. Bader
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


cc:   Stephen Korniczky
      Paul Korniczky