# EXHIBIT C

## NIRO, HALLER & NIRO

| | | |
|---|---|---|
| RAYMOND P. NIRO<br>TIMOTHY J. HALLER<br>WILLIAM L. NIRO<br>JOSEPH N. HOSTENY, III<br>ROBERT A. VITALE, JR.<br>PAUL K. VICKREY<br>DEAN D. NIRO<br>RAYMOND P. NIRO, JR.<br>PATRICK F. SOLON<br>ARTHUR A. GASEY<br>CHRISTOPHER J. LEE<br>DAVID J. SHEIKH<br>VASILIOS D. DOSSAS<br>RICHARD B. MEGLEY, JR. | 181 WEST MADISON STREET-SUITE 4600<br>CHICAGO, ILLINOIS 60602<br><br>TELEPHONE (312) 236-0733<br>FACSIMILE (312) 236-3137 | MATTHEW G. McANDREWS<br>FREDERICK C. LANEY<br>DAVID J. MAHALEK<br>KARA L. SZPONDOWSKI<br>ROBERT A. CONLEY<br>LAURA A. KENNEALLY<br>OLIVIA T. LUK<br>BRIAN E. HAAN<br>JOSEPH A. CULIG<br>CHRISTOPHER W. NIRO<br>DANIEL R. FERRI<br>OLIVER D. YANG<br>ASHLEY E. LaVALLEY |

June 16, 2014

Graham M. Buccigross
Sheppard, Mullin Richter & Hampton LLP
12275 El Camino Real
Suite 200
San Diego, CA 92130

Re: Intellect Wireless v. Sharp

Dear Gray:

On January 13, 2014, you stated that the following statements in Intellect's brief opposing HTC's Section 1927 motion justified the initial six stated discovery requests from the Niro firm:

> "The Niro lawyers were not involved in the underlying acts that occurred before the Patents Office and gave rise to HTC's defense of inequitable conduct."

> "The Niro lawyers had absolutely nothing to do with any of the facts giving rise to the charges of inequitable conduct."

> "The Niro lawyers played no role in the prosecution of the patents, the drafting of the Rule 131 Declarations or the communications with the PTO about them."

We then had a meet and confer on January 14, 2014 during, which call we told you that the Niro firm first saw the February 9, 2007 email on January 9, 2014, and had no discussions about the Rule 131 Declaration with Messrs. Henderson or Tendler before filing suit. Later that evening after speaking with Mr. Korniczky, you sent another email accusing us of lying:

> It is simply not credible that nobody at your firm knew about the February 9th declaration and/or its inaccuracies prior to filing suit. Thus, at this point, we are additionally seeking the following information:

> 1. Phone records from your firm from February 2007 for any calls between your firm and IW, Henderson and/or Tendler.

2. All communications between your firm and IW, Daniel Henderson and/or Robert Tendler during January through May 2007.

3. Invoices and/or any other records of time spent relating to work for Daniel Henderson and/or Intellect from January through May 2007.

4. Copies of any calendar appointments relating to IW, Henderson and/or Tendler from January through May 2007.

If your firm does not agree to produce the foregoing, HTC will move forward with a motion to re-open and expedite discovery.

In HTC's motion to re-open and expedite discovery, HTC stated that "to the extent the Court believes it necessary in order to award attorneys' fees against the firm, HTC is entitled to discovery relating to Niro's knowledge of the underlying facts." (Dkt. No. 254 at p. 3). In the background fact section of its motion, HTC repeated its same ten categories of documents with the same temporal limitations: during the prosecution of the patents, before filing this lawsuit, January through May 2007, etc. (Dkt. No. 254 at pp. 5-6). However, in the argument section of the motion where it actually requested documents to be produced, HTC actually only requested four categories of documents to be produced. (Dkt. No. 254 at pp. 12-13). The four categories were those from your email: phone records of NHN for February 2007; communications between NHN and Henderson and/or Tendler from January 2007 through May 2007; invoices or records of time spent working for Henderson and/or Intellect from January through May 2007; and calendar appointments relating to IW, Henderson and/or Tendler from January through May 2007.

As you know, we produced responsive documents and submitted other responsive documents to Judge Hart for *in camera* inspection. All such documents have been produced, and they establish what you refused to believe in your January 14, 2014 email: Nobody at the Niro firm knew about the February 9, 2007 declaration and/or its inaccuracies prior to filing suit.

The entire bases for the discovery were the three statements quoted above from your January 13, 2007 email. The documents established that each of those statements were correct. Given that your accusations have proven unfounded, that Judge Hart has denied any fee award as to the Niro firm and that both the HTC and Sharp cases are correctly focused only on the amount of any fee award against Intellect Wireless (under Local Rule 54.3), the additional requests are clearly inappropriate.

Very truly yours,

Paul K. Vickrey

PKV/kan