**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INTELLECT WIRELESS, INC., ) | |
| ) | |
|     Plaintiff, ) | The Hon. Rebecca R. Pallmeyer |
| ) | |
| v. ) | |
| ) | Civil Action No. 10 C 6763 |
| SHARP CORPORATION, SHARP ) | |
| ELECTRONICS CORPORATION, ) | |
| HEWLETT-PACKARD COMPANY, PALM, ) | |
| INC., DELL INC., AND GARMIN ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANTS HEWLETT-PACKARD COMPANY AND PALM, INC.'S OPPOSITION TO NIRO'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR ADVERSE INFERENCE**

Once again, Niro has filed multiple improper and needless papers, which do nothing but "needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Defendants Hewlett-Packard Company and Palm, Inc. (collectively, "HP") hereby oppose Niro's motion to file a Supplemental Memorandum (Dkt. 270) and the improperly filed Supplemental Memorandum (Dkt. 263). ***Six and a half months has passed since briefing on the Adverse Inference Motion concluded***. Yet, Niro has not advanced a single reason for the need to file this supplemental briefing. Moreover, all of the arguments and evidence included in this new briefing were in Niro's possession when it filed an opposition on July 22, 2014. Every "new" exhibit is dated June 2014 and Niro's new Exhibits B and C were previously submitted as part of Defendants' briefing. (Dkts. 181-2, 181-4.) Niro's failure to make these arguments previously is no reason to reopen briefing over six months later.

On the merits, Niro's Supplemental Memorandum adds nothing to the Adverse Inference briefing. Each of these issues was thoroughly addressed in the briefing. Defendants' requests for documents spanned the period from 2007 to at least June 2013. For example, Request No. 5 seeks: "All documents relating to any advice and/or consultation that Niro provided to Henderson or IW regarding the Rule 131 declarations *during the prosecution of any of Henderson's or IW's patent applications*." Henderson continued prosecuting his picture phone patent applications until June 25, 2013. (*See* Dkt. 181-10.) In a strained attempt to maintain that it produced all responsive documents, Niro argues against the plain meaning of the Requests and limits them to 2007. However, the documents Niro produced belie the weakness of Niro's position. In response to the Court's Order, Niro produced a few documents from 2010 and 2012, which shows Niro understood the scope of the Requests to extend well beyond 2007. As previously briefed in the Adverse Inference Motion, Request No. 5 covers the following documents, none of which Niro or IW logged or produced here:

- Work product relating to the Rule 131 declarations, HTC's inequitable conduct allegations, Henderson's intent, and/or the materiality of the declarations, including in opposing HTC's motion for summary judgment and preparing for trial against HTC (e.g., witness outlines).

- Pre-suit work product relating to Niro's supposed Rule 11 analysis as it relates to the declarations.

- Communications between Niro, IW, and IW's appellate counsel in the HTC case relating to the declarations, HTC's inequitable conduct allegations, Henderson's intent, and/or the materiality of the declarations.

- Analysis by and correspondence with the law professors that supposedly studied the prosecution histories and HTC's inequitable conduct allegations.

- Communications with IW's inequitable conduct expert in the HTC case, and his analysis and draft reports.

In addition, Niro did not produce any internal communications between the Niro attorneys. Thus, if Niro has produced all of the documents, then the Court must find it credible that there

were never emails between attorneys or its expert witness on inequitable conduct from 2007 through June 2013 regarding the Rule 131 declarations. That cannot be the case.

Moreover, Niro raised all of the issues in its Supplemental Memorandum in briefing before Judge Hart in the *HTC* litigation as well. Judge Hart squarely rejected Niro's excuses and held that "Niro has not produced all of the documents sought." (Dkt. 257-1 at 10.) Judge Hart rejected the same excuses that Niro re-offers in this litigation as "insufficient" to justify the failure to produce documents. (*Id.*) Judge Hart also noted "Niro's failure to disclose documents" as a basis for drawing an adverse inference in the *HTC* litigation. Just as Judge Hart rejected Niro's baseless excuses, the Court should follow the same course in this litigation.

Thus, not only should the Court deny Niro's motion to file a supplemental memorandum and strike the impermissibly filed Supplemental Memorandum, but the Court should ignore the arguments cited in Niro's impermissible Supplemental Memorandum.

Dated:  February 17, 2015  Respectfully submitted,

By:  /s/ Stephen S. Korniczky
Stephen S. Korniczky
Martin R. Bader
Matthew M. Mueller
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, CA  92130
Tel:       (858) 720-8900
Fax:      (858) 509-3691
skorniczky@sheppardmullin.com
mbader@sheppardmullin.com
gbuccigross@sheppardmullin.com
mmueller@sheppardmullin.com

Paul J. Korniczky
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 N. Stetson Avenue
Chicago, IL  60601-6731
Tel:      (312) 616-5600
Fax:     (312) 616-5700
pkorniczky@leydig.com

Attorneys for Defendants
**HEWLETT-PACKARD COMPANY and PALM, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via ECF on the following:

Raymond P. Niro
Paul K. Vickrey
David J. Mahalek
Joseph Culig
NIRO, HALLER & NIRO, LTD.
181 West Madison Street, Suite 4600
Chicago, IL 60602
**Attorneys for Plaintiff**
**INTELLECT WIRELESS, INC.**


Kimball R. Anderson
Kathleen B. Barry
Anthony D. Pesce
Ivan Michael Poullaos
WINSTON & STRAWN LLP
35 W. Wacker
Chicago, IL 60601-9703
**Attorneys for Defendant**
**DELL INC.**


Monica L. Thompson
Steven J. Reynolds
DLA PIPER LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
**Attorneys for Defendants**
**SHARP ELECTRONICS CORPORATION**
**AND SHARP CORPORATION**


Richard de Bodo
Andrew Devkar
MORGAN LEWIS & BOCKIUS LLP
1601 Cloverfield Boulevard , Suite 2050 North
Santa Monica, CA 90404-4082
**Attorneys for Defendants**
**SHARP ELECTRONICS CORPORATION**
**AND SHARP CORPORATION**


Date: February 17, 2015               /s/ Stephen S. Korniczky